IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICKY DOUGLAS, )
                   Plaintiff, )
)
vs. ) Civil Action No. 12-1706
)
) Magistrate Judge Maureen P. Kelly
OFFICER BARRONE, Doc; OFFICER J. )
KELLY; CAPTAIN STANTE; DEPITY )
ENERICK; WARDEN STICKMAN, ) Re: ECF No. 11
                   Defendants. )

**OPINION**

**KELLY, Magistrate Judge**

      Pending before the Court is a Motion for Preliminary Injunction filed by Plaintiff Ricky Douglas ("Plaintiff"). [ECF No. 11]. A Response to Motion for Preliminary Injunction, brief in support, and Supplemental Response have been filed by Defendants, [ECF Nos. 13, 14 and 15]. Plaintiff has also filed a reply [ECF No. 17]. For the reasons set forth below, preliminary injunctive relief will be denied.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      On January 3, 2013, Plaintiff filed a Complaint against Defendants, all employees of the Allegheny County Jail, alleging that he was being subjected to daily physical and mental abuse while incarcerated in the Disciplinary Housing Unit of the Allegheny County Jail. [ECF No. 9].

      On February 20, 2013, the Court received correspondence from Plaintiff Ricky Douglas ("Plaintiff"), alleging that he was imminent danger of physical harm. [ECF No. 11]. Given the allegations of assault, food tampering/poisoning and mistreatment, the Court construed the letter

1

as a Motion for a Preliminary Injunction (the "Motion"). Specifically, Plaintiff alleged that he was being threatened with death by officials and guards; other inmates were being tasked with tampering with his food and, that as a result, medical personnel at the Allegheny County Jail were sufficiently concerned that they requested that Plaintiff be moved from the Disciplinary Housing Unit to the Infirmary.

Because the underlying Complaint had not yet been served, the Court contacted the Allegheny County Solicitor's Office to request that an inquiry be made to assure that Plaintiff was safe from imminent harm and that a response to the Motion be provided. On February 22, 2013, counsel for the Allegheny County Solicitor informed the Court that Plaintiff's status was personally investigated by Defendant Deputy Warden William Emerick ("Deputy Warden Emerick") and that Plaintiff was determined to be "safe and secure." [Attachment "A"]. On March 5, 2013, the Court entered an Order directing the County Solicitor's Office to file a written response to Plaintiff's Motion for Preliminary Injunction. [ECF No. 12]. The Response, brief in support and Supplemental Response were filed on March 19, 2013.

Defendants have filed an Affidavit of Deputy Warden Emerick, who states that Plaintiff was placed in the Disciplinary Housing Unit ("DHU") because he was classified as a high risk inmate after being accused of attempting to sexually assault another inmate. [ECF No. 13-1]. This accusation was not the first made against Plaintiff. During a prior incarceration in the Pennsylvania state prison system, Plaintiff had been housed in disciplinary housing for the same reason. Id. After receiving notice of Plaintiff's allegations on February 22, 2013, Deputy Warden Emerick personally spoke with Plaintiff in the DHU to confirm that he was safe and secure. He spoke again with Plaintiff on February 27, 2013, during a Program Review Hearing and Plaintiff voiced no complaints or concerns.

Deputy Warden Emerick spoke with unit officers to ensure that Plaintiff's food was being properly handled and was assured that there were no issues regarding feeding the Plaintiff. In addition, Deputy Warden confirmed that Plaintiff received showers, outdoor recreation and has been seen by medical personnel on request. Deputy Warden Emerick reviewed internal written complaints submitted by Plaintiff to the Complaint Officer, Major Mikulan. As a result of his review, Deputy Warden Emerick requested officers specifically monitor food delivery for the shifts that Plaintiff identifies in his food tampering allegations. Those officers reported that food delivery was properly conducted and "there were no issues." [ECF No. 13-1, p. 2]. Accordingly, Deputy Warden Emerick reported to counsel that he found no evidence to support Plaintiff's allegations.

Counsel for Defendants also directed an inquiry to counsel for the Allegheny Correctional Health Services (ACHS) concerning Plaintiff's allegations and requested that ACHS investigate Plaintiff's physical and mental condition and report back if there was any evidence to support his allegations. [ECF No. 15]. Defendants' Supplemental Response indicates that Plaintiff does not exhibit any signs of mistreatment and that no recommendation was made by ACHS personnel to move Plaintiff from the Disciplinary Housing Unit to a mental health unit, a step-down unit, or to the infirmary. Id.

## II. STANDARD OF REVIEW

Inmate pro se pleadings which seek extraordinary, or emergency relief, in the form of preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure and are judged against exacting legal standards. As the United States Court of Appeals for the Third Circuit has explained: "[f]our factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on

3

the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest." Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)). See also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170–71 (3d Cir. 2001); Emile v. SCI–Pittsburgh, No. 04–974, 2006 WL 2773261, *6 (W.D. Pa. Sept.24, 2006) (denying inmate preliminary injunction).

A preliminary injunction is not granted as a matter of right. Kerschner v. Mazurkewicz, 670 F.2d 440, 443 (3d Cir. 1982) (affirming denial of prisoner motion for preliminary injunction seeking greater access to legal materials). It is an extraordinary remedy. Given the extraordinary nature of this form of relief, a motion for preliminary injunction places precise burdens on the moving party. As a threshold matter, "it is a movant's burden to show that the 'preliminary injunction must be the only way of protecting the plaintiff from harm.'" Emile, 2006 WL 2773261, at * 6 (quoting Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992)). Thus, when considering such requests, courts are cautioned that:

> [A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed.2d 162 (1997) (emphasis deleted). Furthermore, the Court must recognize that an "[i]njunction is an equitable remedy which should not be lightly indulged in, but used sparingly and only in a clear and plain case." Plain Dealer Publishing Co. v. Cleveland Typographical Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909, 96 S .Ct. 3221, 49 L.Ed.2d 1217 (1977). As a corollary to the principle that preliminary injunctions should issue only in a clear and plain case, the Court of Appeals for the Third Circuit has observed that "upon an application for a preliminary injunction to doubt is to deny." Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937).

Emile, 2006 WL 2773261, at *6.

Accordingly, for an inmate to sustain his burden of proof that he is entitled to a preliminary injunction under Fed. R. Civ. P. 65, he must demonstrate both a reasonable likelihood of success on the merits, and that he will be irreparably harmed if the requested relief is not granted. Abu–Jamal v. Price, 154 F.3d 128, 133 (3d Cir.1998); Kershner, 670 F.2d at 443. If the movant fails to carry this burden on either of these elements, the motion should be denied since a party seeking such relief must "demonstrate both a likelihood of success on the merits and the probability of irreparable harm if relief is not granted." Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989) (emphasis in original), (quoting Morton v. Beyer, 822 F.2d 364 (3d Cir. 1987)).

### III. DISCUSSION

Based on this Court's review of the Defendants' responses and Affidavit provided by Deputy Warden Emerick as well as Plaintiff's Reply thereto, it is manifest that Plaintiff cannot show that he will likely succeed on the merits of his claim of ongoing physical or mental abuse. As illustrated above, there is no evidence gleaned through personal conversations with the Plaintiff, grievance records, medical examinations and inquiries with medical staff, to support Plaintiff's claim that he was a victim of ongoing physical abuse.

Moreover, Plaintiff made only general allegations of physical abuse in his letter Motion and Reply filed with the Court. He has provided no evidence or facts to support the allegations raised. Thus, based on the documentary evidence provided by the Defendants and Plaintiff's failure to provide any evidence to refute the record, this Court finds that Plaintiff is unlikely to succeed on the merits of his claim, and therefore, a preliminary injunction should not issue.

### IV. CONCLUSION

For the foregoing reasons, the Motion for Preliminary Injunction [ECF No. 11] is denied. An appropriate Order follows.

5

# ORDER

AND NOW, this 21st day of May, 2013, upon consideration of Plaintiff's Motion for Preliminary Injunction and an examination of the record in this matter, including the Response to Motion for Preliminary Injunction and Supplemental Response to Motion for Preliminary Injunction filed by Defendants, IT IS HEREBY ORDERED that Plaintiff's Motion for Preliminary Injunction [ECF No. 11] is DENIED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if the Plaintiff wishes to appeal from this Order he or she must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Ricky Douglas
Pod Number 164550
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100