IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICKY DOUGLAS,<br>                Plaintiff,<br><br>  vs.<br><br>OFFICER BARRONE, Doc; OFFICER J.<br>KELLY; CAPTAIN STANTE; DEPITY<br>ENERICK; WARDEN STICKMAN,<br>                Defendants. | Civil Action No. 12-1706<br><br>Magistrate Judge Maureen P. Kelly<br><br>Re: ECF Nos. 20 and 21 |

## OPINION AND ORDER

**MAUREEN P. KELLY, J:**

Presently before this Court are two Motions for the Appointment of Counsel [ECF No. 20, 21], filed by Plaintiff Ricky Douglas ("Plaintiff") which require the Court to determine whether or not, under the facts and circumstances of this case, the Court should exercise its discretion pursuant to 28 U.S.C. § 1915(e)(1) and request an attorney to represent Plaintiff in the prosecution of this action. In addition, in conjunction with his Motion for Appointment of Counsel at ECF No. 20, the Court has construed certain of Plaintiff's allegations as a second motion for preliminary injunction, setting forth identical grounds for relief previously resolved by this Court by Order entered May 21, 2013 at ECF No. 22. For the following reasons, it is respectfully recommended that the motions be denied.[1]

---

[1] To the extent this Court has construed certain allegations in Plaintiff's Motion for Appointment of Counsel at ECF No. 20 as a second Motion for Preliminary Injunction, Plaintiff has not set forth any facts not previously considered by the Court when it considered his initial Motion for Preliminary Injunction and, therefore, for the reasons set forth in this Court's Order dated May 21, 2013 at ECF No. 22, Plaintiff's Motion for Preliminary Injunction is denied.

1

Plaintiff, an inmate currently housed at the Allegheny County Jail, has presented a civil rights complaint which he has been granted leave to prosecute without prepayment of costs. The Complaint alleges that Defendants violated his rights by permitting or encouraging an assault by fellow inmates on June 30, 2012. [ECF No. 9, p. 2]. Defendants are accused of failing to intervene for his protection and standing by and/or encouraging inmates to harm him. Plaintiff further alleges that Defendants are conspiring to poison his food and encouraging fabricated reports of misconduct. Plaintiff seeks an Order separating him from all Disciplinary Housing Unit officers who are conspiring against him.

In considering a motion for the appointment of counsel, the Court must determine whether or not to request counsel to represent this indigent litigant under the provisions of 28 U.S.C. § 1915(e)(1), fully recognizing that if successful counsel may be entitled to recover fees under the provisions of Section 1988 of Title 42, United States Code. Section 1915(e)(1) gives the Court broad discretion to determine whether appointment of counsel is warranted, and that determination must be made on a case-by-case basis. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993).

As a threshold matter the district court should consider whether the plaintiff's claim has arguable merit in fact or law. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See Tabron v. Grace, 6 F.3d at 155. If the court determines that the claim has some merit, the court should then consider the following factors:

    1.    the plaintiff's ability to present his or her own case;

    2.    the complexity of the legal issues;

    3.    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

> 4. the amount the case is likely to turn on credibility determinations;
>
> 5. whether the case will require the testimony of expert witnesses; and
>
> 6. whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457. "The list of factors is not exhaustive, but instead should serve as a guidepost for the district courts. Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

After careful consideration of Plaintiff's allegations, it would appear that the appointment of counsel is not warranted at this time and, therefore, the Court will not exercise its discretion to appoint counsel at this early stage of the litigation.

Initially, it does not appear that Plaintiff has set forth a factual basis upon which relief may be granted. Nevertheless, in considering factors one and two – the litigant's ability to present his case and the difficulty of the legal issues involved – it is clear that the issues presented in the complaint are neither difficult nor complex, and nothing in the record indicates that Plaintiff is incapable of presenting his case. In fact, Plaintiff has amply demonstrated his ability to file a detailed and well-documented Complaint, and otherwise communicate with the Court during the course of this litigation. Similarly, the third consideration – the degree to which factual investigation will be necessary and Plaintiff's ability to conduct such investigation – does not weigh in favor of the appointment of counsel since Plaintiff's case would basically rely on his testimony, the docket and available documentation from the internal investigation of the alleged assault, and little factual investigation appears necessary.

Further, while it may be that the credibility of witnesses will be at issue in the case, it does not appear that the case will become a "swearing contest" nor does it appear that proper adjudication will require the testimony of expert witnesses. Indeed, the only factor that seemingly weighs in Plaintiff's favor is the fact that he would be unable to afford to retain counsel on his own behalf as evidenced by his having requested and been granted *in forma pauperis* status. While it may be that this factor weighs in favor of appointing counsel, standing alone, it does not outweigh the other factors discussed. See Torrence v. Saunders, 2012 WL 137744, at *2 (D.N.J. Jan. 18, 2012); Torres v. Yocum, 2011 WL 6100333, at *2 (M.D. Pa. Dec. 07, 2011); Ortiz v. Schmidt, 2011 WL 282745, at *2 (D.N.J. Jan. 24, 2011).

The Court does not intimate that Plaintiff would not benefit from the appointment of counsel, but rather it appears that the appointment of counsel will not materially aid justice to such a degree as to warrant the exercise of our discretion. Thus, until such time as a showing is made that the interests of justice require our exercise of discretion, the Court declines to do so. See Lassiter v. Dept. Social Services, 452 U.S. 18 (1981). Accordingly, the following Order is entered:

AND NOW, this 21st day of May, 2013, IT IS HEREBY ORDERED that Plaintiff's motions for the appointment of counsel [ECF Nos. 20 and 21] are DENIED without prejudice.

It is FURTHER ORDERED that Plaintiff's second motion for preliminary injunction at ECF No. 20, setting for no new grounds for relief that have not previously been considered by this Court in its Order at ECF No. 22, is denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any

appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: Ricky Douglas
Pod Number 164550
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219-3100