IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICKY DOUGLAS, )
          Plaintiff, )
 )
vs. ) Civil Action No. 12-1706
 )
 ) Magistrate Judge Maureen P. Kelly
OFFICER BARRONE, Doc; OFFICER J. )
KELLY; CAPTAIN STANTE; DEPITY )
ENERICK; WARDEN STICKMAN, )
          Defendants. )

## REPORT AND RECOMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 9, be dismissed for failure to prosecute.

**II.    REPORT**

Plaintiff, Ricky Douglas, has presented a civil rights complaint against Defendants Officer Barrone; Officer J. Kelly; Captain Stante; "Depity Enerick"; and Warden Stickman, alleging that Defendants violated his rights under federal law when they conspired to order his assault by three other inmates at the Allegheny County Jail. [ECF No. 3].[1]

Subsequently, on February 4, 2013, the Court entered an Order advising the Plaintiff that he failed to submit the appropriate copies and necessary Marshal 285 forms to effectuate service of his Complaint. The Court further ordered that Plaintiff was to rectify these omissions by February 19, 2013. [ECF No. 8]. Plaintiff failed to comply and on April 12, 2013, the Court entered an Order to Show Cause why this action should not be dismissed for Plaintiff's failure to

---

[1] The operative Complaint is reflected on the docket at ECF No. 9, filed upon the Court's receipt of Plaintiff's Motion to Proceed in forma pauperis.

1

comply with the February 4, 2013 Order. [ECF No. 18].  Rather than comply, Plaintiff filed a letter, construed as a Motion for Preliminary Injunction, alleging the ongoing violation of his rights. [ECF No. 11].  Because Defendants had not been served with the Complaint and given the nature of the allegations, this Court contacted the solicitor for Allegheny County to investigate Plaintiff's allegations. [ECF No. 12].  The solicitor determined that Plaintiff, in fact, was safe from imminent harm and had been placed in a disciplinary housing unit after being accused of attempting to sexually assault another inmate. Further, the solicitor confirmed that Plaintiff was personally interviewed by Warden Emerick and confirmed that he was safe and secure.  [ECF Nos. 14, 15]. Accordingly, on May 21, 2013, the Court entered an Order denying Plaintiff's Motion for Preliminary Injunction and a second Order denying Plaintiff's Motion to Appoint Counsel.  [ECF Nos. 22 and 23].   The United States Postal Service has returned both Orders to the Court, indicating that delivery was attempted, but Plaintiff is no longer at the address provided to the Court.  Plaintiff has failed to notify the Court of his whereabouts or given any other indication that he wishes to proceed with this action and has further failed to comply with this Court's Orders with regard to providing the appropriate documentation to effectuate service, or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court.  Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992).  In determining whether an action should be dismissed as a sanction against a party the court must consider six factors.  These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

> (1)   The extent of the party's personal responsibility.
>
> (2)   The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

>   (3)   A history of dilatoriness.
>
>   (4)   Whether the conduct of the party or the attorney was willful or in bad faith.
>
>   (5)   The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.
>
>   (6)   The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders and failure to notify the Court of his change of address so that the case could proceed which weigh heavily against him. Plaintiff's failure to notify the Court of his change of address and failure to respond to the Court's orders was not only solely his personal responsibility but his failure to do so even five months later appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing a response seeking dismissal of the Plaintiff's Motion for a Preliminary Injunction, there appears to be no specific prejudice to Defendants other than general delay as the Defendants have not yet been served with the Complaint. Similarly, factor No. 6 -- the meritoriousness of the claim -- will be weighed neither in favor nor against Plaintiff as it is too early in the litigation to assess the merits of Plaintiff's claims. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, Plaintiff's failure to comply with the Court's orders, which has prevented this case from proceeding, indicates that Plaintiff has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982).

Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                        Respectfully submitted,

                                        /s/Maureen P. Kelly
                                        United States Magistrate Judge

Dated:

cc: The Honorable David S. Cercone
     United States District Judge

     Ricky Douglas
     Pod Number 164550
     Allegheny County Jail
     950 Second Avenue
     Pittsburgh, PA 15219-3100